JEFFREY L. SHIELDS (2947)
ZACHARY T. SHIELDS (6031)
JACOB D. LYONS (12161)
10 East South Temple, Suite 900
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127
*jlshields@cnmlaw.com*
*zachshields@cnmlaw.com*
*jdlyons@cnmlaw.com*

*Attorneys for the Movants*

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>VS FOX RIDGE, LLC<br><br>      Debtor.<br><br>In re:<br><br>STEPHEN LAMAR CHRISTENSEN and VICTORIA ANN CHRISTENSEN,<br><br>      Debtors. | Bankruptcy Case No. 12-28001<br>Chapter 7<br><br>Judge Joel T. Marker<br><br>Bankruptcy Case No. 12-28010<br>Chapter 7<br><br>Jointly Administered Under<br>Case No. 12-28001<br><br>Filing Relates to Both Cases |

**NOTICE OF OBJECTION TO CLAIM
AND NOTICE OF HEARING**
(Objection Deadline: May 26, 2015)
(Hearing Date: June 17, 2015 at 10:30 am)

**PLEASE TAKE NOTICE** that Creditors Mountain Home Development Corp., Triumph

Commercial Investments, LLC, Fox Ridge Investment, LLC, and Triumph Mixed Use

Investments III, LLC, (collectively "Creditors") have filed with the United State Bankruptcy Court for the District of Utah, in the above captioned jointly administered bankruptcy case, the following documents:

1. Objection to Proof of Claim of F. LaVar Christensen (claim #10) dated March 27, 2015 [Docket No. 466]; and

2. Objection to Proof of Claim of F. LaVar Christensen (claim #20) dated March 27, 2015 [Docket No. 467].

(The "Objections"). Copies of the Objections are attached hereto as Exhibits "A" & "B" respectively. In the Objections, the Creditors seek disallowance of the above-referenced claims filed by F. LaVar Christensen in Case Nos. 12-28001 and 12-28010.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**Your claim may be reduced, modified or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to grant the relief requested in the Objections then:

(1) on or before May 26, 2015 you or your lawyer must file with the Bankruptcy Court a written objection to the Objections explaining your position, at:

United States Bankruptcy Court
350 South Main #301
Salt Lake City, UT 84101

If you mail your objection to the Bankruptcy Court for filing you must mail it early enough so that the Court will **receive** it on or before **May 26, 2015.** You must also mail a copy to the undersigned counsel at:

> Jeffrey L. Shields
> Zachary T. Shields
> 10 East South Temple, Suite 900
> Salt Lake City, UT 84133

(2) attend the hearing on the Objections which is set for June 17, 2015 at 10:30am in Courtroom 341, United States Bankruptcy Court, 350 South Main Salt Lake City, UT 84101. Failure to attend the hearing will be deemed a waiver of your Objections. If you fail to file a timely response to the Objections, the Objections may be granted by the court without a hearing.

If you or your attorney do not take these steps, the Bankruptcy Court may decide that you do not oppose the relief sought in the objection and may enter an order granting that relief. In the absence of a timely filed response, the undersigned counsel may and will ask the Court to strike the hearing and enter an order approving the objection without a hearing.

Dated this 30th day of April, 2015.

CALLISTER NEBEKER & McCULLOUGH

By */s/ Zachary T. Shields*
Zachary T. Shields

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 30th day of April, 2015, the foregoing **NOTICE TO OBJECTION OF CLAIM AND NOTICE OF HEARING** was electronically filed and therefore served via ECF upon the following:

- James W. Anderson    jwa@clydesnow.com, aperdue@clydesnow.com
- Justin D. Heideman    jheideman@ahm-law.com, ccope@hmhattorneys.com;jstrong@hmhattorneys.com;jjackson@hmhattorneys.com
- Mark H. Howard    Mark.H.Howard@irscounsel.treas.gov
- Armand J. Howell    armand@hwmlawfirm.com, howell@mathesonhowell.com
- Michael R. Johnson    mjohnson@rqn.com, docket@rqn.com
- Peter J. Kuhn    Peter.J.Kuhn@usdoj.gov
- Peter J. Kuhn tr    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- David H. Leigh    dleigh@rqn.com, dburton@rqn.com;docket@rqn.com
- Jacob D. Lyons    jlyons@cnmlaw.com
- Blake D. Miller    miller@millertoone.com, millermobile@gmail.com;miller@ecf.inforuptcy.com;miller.blaked@gmail.com
- David L. Miller tr    davidlmillerpc@msn.com, ut09@ecfcbis.com;dlm@trustesolutions.com;dlm@trustesolutions.net
- Erik A. Olson    eolson@olsontrial.com
- Jeffrey L. Shields    jlshields@cnmlaw.com
- Jeffrey L. Shields    jlshields@cnmlaw.com
- Zachary T. Shields    zachshields@cnmlaw.com, alambert@cnmlaw.com
- Steven C. Strong    sstrong@cohnekinghorn.com, jhasty@cohnekinghorn.com
- Mark S. Swan    mark@swanlaw.net
- Daniel J. Torkelson    dtorkelson@cohnekinghorn.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**And was also served via U.S. Mail postage prepaid to the following:**

F. LaVar Christensen
11693 South 700 East
Draper, UT 84020

VS Fox Ridge, LLC
975 E Alpine Blvd
Alpine, UT 84004

Steven Lamar Christensen
975 E South Pine Blvd
Alpine, Utah 84004

Victoria Ann Christensen
975 E South Pine Blvd
Alpine, Utah 84004

CALLISTER NEBEKER & McCULLOUGH

By  */s/ Zachary T. Shields*
Zachary T. Shields

# Exhibit A

JEFFREY L. SHIELDS (2947)
ZACHARY T. SHIELDS (6031)
10 East South Temple, Suite 900
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127
*jlshields@cnmlaw.com*
*zachshields@cnmlaw.com*

*Attorneys for the Creditors Mountain Home Development Corp., Triumph Commercial Investments, LLC, Fox Ridge Investments, LLC, and Triumph Mixed Use Investments III, LLC*

### UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>VS FOX RIDGE, LLC<br><br>Debtor. | Bankruptcy Case No. 12-28001<br>Chapter 11<br><br>Judge Joel T. Marker |

### OBJECTION TO PROOF OF CLAIM OF F. LAVAR CHRISTENSEN (CLAIM NO. 10)

Creditors Mountain Home Development Corp., Triumph Commercial Investments, LLC, Fox Ridge Investments, LLC, and Triumph Mixed Use Investments III, LLC (collectively the "Creditors"), hereby object to the untimely Proof of Claim No. 10 (the "Claim") filed by F. Lavar Christensen ("Christensen"). The Claim should be disallowed for numerous reasons, including the following:

First, the Claim is untimely. The initial deadline for filing proofs of claim in this case was October 15, 2012. This deadline passed without LaVar Christensen filing any proof of claim with the Court. Later, after this case was converted to Chapter 7, the Court established a new

claims deadline of March 31, 2014. (*See* Notice of Assets and Deadline to File Proof of Claim, dated December 27, 2013 [Docket No. 428]). This extended deadline also passed without LaVar Christensen filing any proof of claim with the Court. Christensen did not file the present Claim until after the expiration of the second deadline (April 1, 2014). Accordingly, the Claim is untimely and must be disallowed. *See* Collier on Bankruptcy ¶ 3002.03[1] ("The time for filing claims fixed by Rule 3002(c) works like a statute of limitations in that a claim filed thereafter will not (absent a surplus) entitle its holder to receive distributions from the estate.").

To allow Mr. Christensen's late-filed Claim would have a material impact upon the treatment of the legitimate creditors in this case, including the objecting Creditors. As the Court may recall, Creditors previously entered into an agreement with the trustee for a compromise amount of the Creditors' allowed claim. Such agreement was reached after the expiration of the initial deadline for the filing of claims. In making the agreement, Creditors reasonably relied upon the fact that the claims deadline had passed – such that the pool of creditors had been closed and the amount of the claims in the unsecured creditor class had been established. To allow Mr. Christensen's late-filed claim would improperly dilute the claims of legitimate and timely claims, and would reduce the amount to be paid to the objecting Creditors in this case.

Second, the Claim is improper because it seeks to require the bankruptcy estate in this case to pay for legal services which Mr. Christensen rendered to persons other than the Debtor. The Claim references six lawsuits in which Mr. Christensen purportedly provided legal services to the Debtor. A review of the dockets in such cases, however, reveals that Mr. Christensen represented multiple parties who are not the Debtor in these six cases, including Steven

Christensen, Victoria Christensen, McKay Christensen, and Land Com Financial Group, LLC.[1] Yet, in filing the Claim, Christensen has made no effort to distinguish those legal services which were provided to the Debtor from those which were provided to Christensen's non-debtor clients. Indeed, it appears that Christensen's Claim includes the full amount owing for all of his legal services provided to all of his clients in the six cases. It is improper to have this estate pay for legal services rendered to Christensen's non-debtor clients.

Christensen has also filed a proof of claim in the bankruptcy case of Stephen and Victoria Christensen, Case No. 12-28010, which purports to be for legal services rendered to the debtors in such case. Such proof of claim, however, is identical to the Claim filed in the present case. It appears that Christensen is seeking double recovery, to have both bankruptcy estates pay for the same legal services – including services rendered to non-debtors in each case.

Third, the Claim is improper because Christensen failed to adequately describe the legal services which he purportedly provided to the Debtor. Indeed, Christensen has only provided a description of his legal services in one of six cases for which he seeks the payment of legal fees. (Case No. 090916938). Moreover, even in such case, his description of services is incomplete. Christensen has provided no description whatsoever for services purportedly rendered in 2013 in such case (in the purported amount of $25,000). Furthermore, even where descriptions are

---

[1] Indeed, the Debtor is not even a party in one of the cases included in the Claim. (*See* U.S. Bank National Assoc. v. Mountain Home Development Corp. et al., Case No. 100402061 in the Fourth District Court of Utah County, Utah). It is wholly improper for Christensen to seek the recovery of fees from this estate for legal services rendered in a case in which the Debtor was not a party.

3

provided, they include entries which are clearly inadequate. (*See* Claim, at p. 5 of 15 (wherein Christensen includes services rendered over a three-week period in a single one-sentence entry)).

Because of Christensen's incomplete and inadequate descriptions, he has not shown that his legal services were rendered for the benefit of the Debtor in this bankruptcy (as opposed to his various other clients).

Finally, the Claim fails to meet the Standard of the Bankruptcy Code and Rules and is deficient because Christensen was never approved as counsel for the Debtor in this bankruptcy case, while the majority of the fees sought in the Claim are for services rendered after the filing of the Debtor's bankruptcy petition. It is improper for Christensen to seek the payment of post-petition fees for services which he was never approved to provide to the Debtor. Moreover, it is improper for Christensen to recover fees which have not been shown to be for the benefit of the Debtor in this case.

Having failed to seek or obtain Court approval to provide legal services to the Debtor, and having failed to show that his services were for the benefit of the Debtor, Christensen is not eligible to receive payment from the estate for such services.

Creditors believe that any services provided by LaVar Christensen were not for the benefit of the Debtor's bankruptcy estate. Rather, as LaVar Christensen is the brother of Stephen Christensen (who previously controlled this Debtor prior to the appointment of the Chapter 11 Trustee), any services rendered by LaVar Christensen were for the purpose of furthering Stephen Christensen's misguided litigation war against his adversaries.

## CONCLUSION

For the above-stated reasons, Creditors respectfully request that the Claim be disallowed.

DATED this 27th day of March 2015.        CALLISTER NEBEKER & McCULLOUGH

                                          By ___/s/ Jeffrey L. Shields___
                                             Jeffrey L. Shields

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2015, a true and correct copy of the foregoing **OBJECTION TO PROOF OF CLAIM OF F. LAVAR CHRISTENSEN (CLAIM NO. 10)** was served through the Court's CM/ECF notification system.

                                            /s/ Jeffrey L. Shields

# Exhibit B

JEFFREY L. SHIELDS (2947)
ZACHARY T. SHIELDS (6031)
10 East South Temple, Suite 900
Salt Lake City, UT 84133
Telephone: (801) 530-7300
Facsimile: (801) 364-9127
jlshields@cnmlaw.com
zachshields@cnmlaw.com

*Attorneys for the Creditors Mountain Home Development Corp., Triumph Commercial Investments, LLC, Fox Ridge Investments, LLC, and Triumph Mixed Use Investments III, LLC*

### UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re: | Bankruptcy Case No. 12-28010 |
|---|---|
| STEPHEN LAMAR CHRISTENSEN and VICTORIA ANN CHRISTENSEN, | Chapter 7 |
|  | Judge Joel T. Marker |
| Debtors. |  |

**OBJECTION TO PROOF OF CLAIM OF F. LAVAR CHRISTENSEN (CLAIM NO. 20)**

Creditors Mountain Home Development Corp., Triumph Commercial Investments, LLC, Fox Ridge Investments, LLC, and Triumph Mixed Use Investments III, LLC (collectively the "Creditors"), hereby object to the untimely Proof of Claim No. 20 (the "Claim") filed by F. Lavar Christensen ("Christensen"). The Claim should be disallowed for numerous reasons, including the following:

First, the Claim is untimely. The initial deadline for filing proofs of claim in this case was October 15, 2012. This deadline passed without LaVar Christensen filing any proof of claim with the Court. Later, after this case was converted to Chapter 7, the Court established a new

claims deadline of March 31, 2014. (*See* Notice of Assets and Deadline to File Proof of Claim, dated December 27, 2013 [Docket No. 130]). This extended deadline also passed without LaVar Christensen filing any proof of claim with the Court. Christensen did not file the present Claim until after the expiration of the second deadline (April 1, 2014). Accordingly, the Claim is untimely and must be disallowed. *See* Collier on Bankruptcy ¶ 3002.03[1] ("The time for filing claims fixed by Rule 3002(c) works like a statute of limitations in that a claim filed thereafter will not (absent a surplus) entitle its holder to receive distributions from the estate.").

To allow Mr. Christensen's late-filed Claim would have a material impact upon the treatment of the legitimate creditors in this case, including the objecting Creditors. As the Court may recall, Creditors previously entered into an agreement with the trustee for a compromise amount of the Creditors' allowed claim. Such agreement was reached after the expiration of the initial deadline for the filing of claims. In making the agreement, Creditors reasonably relied upon the fact that the claims deadline had passed – such that the pool of creditors had been closed and the amount of the claims in the unsecured creditor class had been established. To allow Mr. Christensen's late-filed claim would improperly dilute the claims of legitimate and timely claims, and would reduce the amount to be paid to the objecting Creditors in this case.

Second, the Claim is improper because it seeks to require the bankruptcy estate in this case to pay for legal services which Mr. Christensen rendered to persons other than the Debtors. The Claim references six lawsuits in which Mr. Christensen purportedly provided legal services to the Debtors. A review of the dockets in such cases, however, reveals that Mr. Christensen also represented multiple parties who are not the Debtors in these six cases, including VS Fox Ridge,

2

LLC, McKay Christensen, and Land Com Financial Group, LLC.[1] Yet, in filing the Claim, Christensen has made no effort to distinguish those legal services which were provided to the Debtors from those which were provided to Christensen's non-debtor clients. Indeed, it appears that Christensen's Claim includes the full amount owing for all of his legal services provided to all of his clients in the six cases. It is improper to have this estate pay for legal services rendered to Christensen's non-debtor clients.

Christensen has also filed a proof of claim in the bankruptcy case of VS Fox Ridge, LLC, Case No. 12-28001, which purports to be for legal services rendered to the debtor in such case. Such proof of claim, however, is identical to the Claim filed in the present case. It appears that Christensen is seeking double recovery, to have both bankruptcy estates pay for the same legal services – including services rendered to non-debtors in each case.

Third, the Claim is improper because Christensen failed to adequately describe the legal services which he purportedly provided to the Debtors. Indeed, Christensen has only provided a description of his legal services in one of six cases for which he seeks the payment of legal fees. (Case No. 090916938). Moreover, even in such case, his description of services is incomplete. Christensen has provided no description whatsoever for services purportedly rendered in 2013 in such case (in the purported amount of $25,000). Furthermore, even where descriptions are provided, they include entries which are clearly inadequate. (*See* Claim, at p. 5 of 15 (wherein Christensen includes services rendered over a three-week period in a single one-sentence entry)).

---

[1] Indeed, the Debtors are not even parties in one of the cases included in the Claim. (*See* Lan Com Financial Group, LLC, et al. v. Howcroft, Case No. 110402402 in the Fourth District Court of Utah County, Utah). It is wholly improper for Christensen to seek the recovery of fees from this estate for legal services rendered in a case in which the Debtors were not a party.

3

Because of Christensen's incomplete and inadequate descriptions, he has not shown that his legal services were rendered for the benefit of the Debtors in this bankruptcy (as opposed to his various other clients).

Finally, the Claim fails to meet the Standard of the Banruptcy Code and Rules and is deficient because Christensen was never approved as counsel for the Debtors in this bankruptcy case, while the majority of the fees sought in the Claim are for services rendered after the filing of the Debtors' bankruptcy petition. It is improper for Christensen to seek the payment of post-petition fees for services which he was never approved to provide to the Debtors. Moreover, it is improper for Christensen to recover fees which have not been shown to be for the benefit of the Debtors in this case.

Having failed to seek or obtain Court approval to provide legal services to the Debtors, and having failed to show that his services were for the benefit of the Debtors, Christensen is not eligible to receive payment from the estate for such services.

Creditors believe that any services provided by LaVar Christensen were not for the benefit of the Debtors' bankruptcy estate. Rather, as LaVar Christensen is the brother of the Debtor Stephen Christensen, any services rendered by LaVar Christensen were for the purpose of furthering Stephen Christensen's misguided litigation war against his adversaries, and were of no benefit to the creditors of the estate.

## CONCLUSION

For the above-stated reasons, Creditors respectfully request that the Claim be disallowed.

DATED this 27th day of March 2015      CALLISTER NEBEKER & McCULLOUGH

By ____/s/ Jeffrey L. Shields_____
    Jeffrey L. Shields

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2015, a true and correct copy of the foregoing **OBJECTION TO PROOF OF CLAIM OF F. LAVAR CHRISTENSEN (CLAIM NO. 20)** was served through the Court's CM/ECF notification system.

/s/ Jeffrey L. Shields